CLERK'S OFFICE U.S. DIST. COURT
AT ROANOKE, VA
FILED

FEB 24 2005

JOHN F. CORCORAN, CLERK
BY:
    DEPUTY CLERK

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
LYNCHBURG DIVISION

| | | |
|---|---|---|
| ALLEN B. CABELL, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 6:03cv80 |
| | ) | |
| JO ANNE B. BARNHART, | ) | By:   Michael F. Urbanski |
| COMMISSIONER OF | ) | United States Magistrate Judge |
| SOCIAL SECURITY, | ) | |
|     Defendant. | ) | |

## REPORT AND RECOMMENDATION

Plaintiff has filed this action challenging the final decision of the Commissioner of Social Security denying plaintiff's claim for a period of disability and disability insurance benefits under the Social Security Act, as amended, 42 U.S.C. §§ 416(i) and 423. Jurisdiction of the court is pursuant to 42 U.S.C. § 405(g). The case was referred to the undersigned magistrate judge on September 22, 2004 for report and recommendation. After briefing and oral argument, and based on a thorough review of the administrative record and relevant case law, it is recommended that the Commissioner's motion for summary judgment be granted as there is substantial evidence to support his decision and it was decided upon correct legal principles.

The court's review is limited to a determination as to whether there is a substantial evidence to support the Commissioner's conclusion that plaintiff failed to meet the conditions for entitlement established by and pursuant to the Act. If such substantial evidence exists, the final decision of the Commissioner must be affirmed. Hays v. Sullivan; 907 F.2d 1453, 1456 (4th Cir. 1990); Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966). Stated briefly, substantial evidence has been defined as such relevant evidence, considering the record as a whole, as might be found

adequate to support a conclusion by a reasonable mind. Richardson v. Perales, 402 U.S. 389, 401 (1971).

Plaintiff, Allen B. Cabell, was born on January 3, 1943, and was 60 years of age at the time of the administrative hearing. Cabell completed high school and went to two years of night school for technical training. (Record, "R." at 78.) From September 1, 1965 until September 1, 1967, plaintiff served in the U.S. Army in Vietnam. (R. 60, 125) Plaintiff's past relevant work experience includes employment as the owner and operator of a construction company. (R. 73)

Plaintiff filed an application for a period of disability and Disability Insurance Benefits on November 27, 2001, alleging disability beginning December 31, 1998, due to diabetes mellitus, an anxiety-related disorder, and a post traumatic stress disorder. (R. 15) The record reflects that plaintiff last met the insured status requirement of the Act on December 31, 2000. See generally 42 U.S.C. §§ 414, 423. Therefore, in order to receive disability benefits, plaintiff must prove that he became disabled within the meaning of the Act on or before December 31, 2000. Plaintiff's current claim was denied initially (R. 29), and on reconsideration by the Social Security Administration. (R. 12) Plaintiff requested a hearing which was conducted on April 30, 2003 and on May 20, 2003, the ALJ found that Plaintiff was not entitled to a period of disability, Disability Insurance Benefits payments under §§ 216(i); 223, respectively, of the Social Security Act. (R. 15-19)

The ALJ concluded that Cabell was not disabled, concluding that:

> After a thorough evaluation of the entire record, including hearing testimony, the administrative law judge concludes that there is no evidence, on or before December 31, 2000, that the claimant had any mental or physical impairment which imposed even minimal limitations upon his work-related functioning. Although the

2

> claimant was treated for multiple medical conditions, during the
> period in question, including high blood pressure, asthma, diabetes,
> diabetic retinopathy, and peptic ulcer disease, the evidence shows
> that there were never any complications to any vital organs, and
> none of these conditions, either singly or in combination, affected
> the claimant's functional ability to work.

(R. 17-18)

As support for this conclusion, the ALJ noted that Cabell had no physical or mental impairment or impairments that imposed even minimal limitations upon his work-related functioning. (R. 18) The ALJ determined that the objective medical evidence indicated that:

> In arriving at this conclusion, the undersigned has accorded great
> weight to the opinions of the state agency physicians, who
> determined that the claimant had no disabling condition, mental or
> physical, on or before December 31, 2000, his date last insured.
> Considerable weight has also been given to the impartial medical
> expert, testifying at the hearing, who thoroughly reviewed all of the
> evidence and determined that although the claimant has a severe
> mental impairment at the present time, there is no evidence that he
> had any psychiatric disorder prior to April 2001. Moreover, the fact
> that the claimant failed to report income (or loss) after 1996, and
> diverted unreported income to construction of a retirement home,
> further militate against credibility and a finding of disability before
> December 31, 2000.
>
> Thus, it is the decision of the undersigned administrative law
> judge, that the claimant had no medically determinable "severe"
> impairment, and that the claimant was not under a disability as
> defined in the Social Security Act, at any time on or before
> December 31, 2000, the date he was last insured for Disability
> Insurance Benefits (20 CFR § 404.1520(c)).

(R. 18)

The crucial question in this case is whether plaintiff was disabled for all forms of substantial gainful employment as of December 31, 2000. See 42 U.S.C. § 423(d)(2). There are four elements of proof which must be considered in making such an analysis: (1) objective

3

medical facts and clinical findings; (2) the opinions and conclusions of treating physicians; (3) subjective evidence of physical manifestations of impairments, as described through claimant's testimony; and (4) the claimant's education, vocational history, residual skills, and age. Vitek v. Finch, 438 F.2d 1157, 1159-60 (4th Cir. 1971); Underwood v. Ribicoff, 298 F.2d 850, 851 (4th Cir. 1962).

After a review of the record in this case, the court has determined that the Commissioner's decision is supported by substantial evidence. Although there is compelling evidence that plaintiff suffered from debilitating PTSD on dates after December 31, 2000 – for instance, John Whitlock determined that plaintiff was in need of psychological evaluation and hospitalization on October 30, 2001 (R. 382-84) – no such evidence exists for the period before December 31, 2000. Although plaintiff notes that at the time of his October 30, 2001 hospitalization he made reference to having been depressed "for some time, especially since the death of [my] daughter on October 29, 1998," (R. 236), this evidence is insufficient to meet plaintiff's burden at this stage of review.

While plaintiff provided the Commissioner with a multitude of hospital records for the period after his hospitalization, these subsequent records do not establish that plaintiff was disabled as of December 31, 2000. Prior to that date, plaintiff was treated primarily by Dr. Allen. On October 15, 1998, plaintiff advised Dr. Allen that he worked forty plus hours a week in construction. (R. 281) When plaintiff next saw Dr. Allen in February 1999, he did not mention or complain of any new problems or difficulties, and the doctor noted nothing out of the ordinary with plaintiff. (R. 280) Similarly, in visits in June and December 1999, plaintiff mentioned nothing. (R. 278) Plaintiff visited Dr. Allen again in February 2000 with complaints of a cough,

4

he again mentioned nothing about his psychological condition. (R. 273) In March and August 2000, plaintiff reported to his doctor that he worked in construction and was quite active. (R. 267, 272) In November 2000, while visiting physicians with complaints about a service-related thumb injury, plaintiff again made no complaints regarding his psychological condition. (R. 278) On a February 7, 2001 visit, plaintiff complained of congestion, but failed to mention any new psychological difficulties. (R. 257)

The information that is most favorable to plaintiff's position comes from the hearing testimony of Dr. Daniel Kessler, an independent licensed clinical psychologist, who testified that plaintiff's first psychiatric contact for PTSD was with a veteran's group on April 9, 2001. (R. 448) At the hearing, Dr. Kessler summarized plaintiff's medical records, stating that after this initial contact, plaintiff's psychological condition deteriorated fairly rapidly, resulting eventually in his October, 2001 hospitalization. Id.

Dr. Kessler confirmed that plaintiff has been in continuous treatment since the psychiatric hospitalization in October, 2001, and that his symptoms have been "very consistent with the treatment of post traumatic stress disorder." Id. The ALJ asked Dr. Kessler to give his opinion regarding plaintiff's condition prior to December 31, 2000 and Dr. Kessler stated that doing so was problematic because no medical records documenting the condition exist prior to April, 2001 (R. 447-48) Dr. Kessler further testified that:

> The record as I have it begins in April of 2001 with no clinical record that I was able to find relating to psychology before that date. His condition has been significantly impaired by PTSD at least since October of 2001. He may have had an earlier onset. It's not unusual for persons with PTSD to not seek treatment immediately, especially when they are 20 or 30 years posttraumatic event or events.

5

Id. at 448-49. Dr. Kessler went on to state that it is not uncommon for PTSD to be triggered by a secondary traumatic event such as the death of plaintiff's daughter and that it is possible for the eruption of the severe PTSD symptoms to be delayed for three years. Id. at 449. Dr. Kessler testified that he had "no doubt" that the death of plaintiff's daughter in 1998 triggered his PTSD and that it is possible for the symptoms to lay dormant before becoming severe for a lengthy period of time. Id. Additionally, Dr. Kessler testified that it is not unusual for the triggering event to occur and for the individual not to seek medical treatment.

Dr. Kessler's testimony simply is too conjectural to meet plaintiff's burden of proving disability. Plaintiff's hospital admission of October 30, 2001 to November 5, 2001 occurred fully ten months after the end of plaintiff's DIB insured status expired. (R. 227-43) The Social Security Act places the burden of proof on the individual who is seeking benefits, stating that "[a]n individual shall not be considered to be under a disability unless he furnishes such medical and other evidence of the existence thereof as the Commissioner of Social Security may require." 42 U.S.C. § 423(d)(5)(A). The Social Security regulations also place the burden of proving disability on the claimant. 20 C.F.R. § 404.1512(a). Similarly, plaintiff has the burden of proving that he became disabled before the date at which his insured status for purposes of entitlement to DIB expired. 42 U.S.C. § 423(a)(1)(A), (c)(1)(B); 20 C.F.R. § 404.131(a). The worsening of a condition or the development of a new impairment after the expiration of a claimant's disability insured status cannot be the basis for a remand or an award of benefits. Harrah v. Richardson, 446 F.2d 1, 2 (4th Cir. 1971). The medical evidence in this case does not demonstrate that plaintiff was disabled prior to the expiration of his DIB status.

6

Having found substantial evidence to support the Commissioner's determination that plaintiff was not disabled as of December 31, 2000, the court concludes that the Commissioner's final decision must be affirmed. In affirming the Commissioner's decision, the court does not suggest in any sense that plaintiff is free at this time from the symptoms of post traumatic stress disorder. However, there is substantial evidence to support the ALJ's conclusion that plaintiff has not met his burden of producing evidence showing that he was disabled as of December 31, 2000. Plaintiff's complaints of a totally disabling impairment prior to that date are not supported by any record evidence. It appears to the court that the ALJ gave full consideration to all the subjective factors in adjudicating plaintiff's claim for benefits. It follows that all facets of the Commissioner's decision are supported by substantial evidence. Accordingly, the final decision of the Commissioner must be affirmed. Laws v. Celebrezze, 368 F.2d 640 (4th Cir. 1966).

## **CONCLUSION**

For the reasons outlined above, it is the recommendation of the undersigned that the Commissioner's motion for summary judgment be granted. The Clerk is directed immediately to transmit the record in this case to the Hon. Norman K. Moon, Senior United States District Judge. Both sides are reminded that pursuant to Rule 72(b) they are entitled to note any objections to this Report and Recommendation within ten (10) days hereof. Any adjudication of fact or conclusion of law rendered herein by the undersigned not specifically objected to within the period prescribed by law may become conclusive upon the parties. Failure to file specific objections pursuant to 28 U.S.C. § 636(b)(1)(C) as to factual recitations or findings as well as to

7

Case 6:03-cv-00080-NKM Document 22 Filed 02/24/05 Page 7 of 8 Pageid#: 60

the conclusions reached by the undersigned may be construed by any reviewing court as a waiver of such objection.

The Clerk of the Court hereby is directed to send a certified copy of this Report and Recommendation to all counsel of record.

Enter this 24 day of February, 2005.

                                      Michael F. Urbanski
                                      United States Magistrate Judge